UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL and DIANA NOEL,

               Plaintiffs,

v.

CITY OF LAKEWOOD, et al.,

               Defendants.

CASE NO. C12-5443 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT,
GRANTING PLAINTIFFS'
REQUEST FOR VOLUNTARY
DISMISSAL, IMPOSING
SANCTIONS, AND
REMANDING

This matter comes before the Court on Defendants City of Lakewood, City of Lakewood Police Department, Bret Farrar, Cindy Salazar, Deborah Zaro, and Mike Zaro's ("Defendants") motion for summary judgment (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part, grants Plaintiffs Michael and Diana Noel's ("Noels") request for voluntary dismissal, imposes sanctions as a result of the voluntary dismissal, and remands for the reasons stated herein.

# I. PROCEDURAL HISTORY

On May 3, 2012, the Noels filed a complaint for damages against Defendants in Pierce County Superior Court for the State of Washington.  Dkt. 2, Exh. A.  The Noels asserted causes of action for breach of contract, due process, abuse of process, wrongful termination, discrimination in violation of RCW Chapter 49.60, retaliation, defamation, and a violation of RCW Chapter 42.56 (public records request).  *Id.*

On May 18, 2012, Defendants removed the matter to this Court because they interpreted the Noels' complaint to allege violations of Mr. Noel's Constitutional rights guaranteed by the First, Fifth, and Fourteenth Amendments to the United States Constitution.  Dkt. 1.

On May 24, 2012, the Noels filed a motion to remand asserting that their complaint "alleges violations of state law only . . . ."  Dkt. 14 at 2.  On June 11, 2012, Defendants responded and agreed to the remand if the Noels' complaint was based entirely on state law.  Dkt. 17.  On June 14, 2012, the Noels withdrew their motion.  Dkt. 19.

On February 22, 2013, the Noels filed an amended complaint.  Dkt. 25.  In that complaint, the Noels assert causes of action for breach of contract, due process, abuse of process, wrongful termination, discrimination in violation of RCW Chapter 49.60, retaliation, defamation, a violation of RCW Chapter 42.56 (public records request), civil conspiracy, fraud, misrepresentation, and intimidation of witnesses.  *Id.*

1    On July 24, 2013, Defendants filed a motion for summary judgment.  Dkt. 35.  On

2  August 12, 2013, the Noels responded.  Dkt. 43.  On August 16, 2013, Defendants

3  replied.  Dkt. 49.

4                                **II. DISCUSSION**

5  **A.    Voluntary Dismissal**

6    In their response, the Noels state that their "claims regarding the public records,

7  first amendment and collective bargaining agreement/contract are abandoned."  Dkt. 43

8  at 17.  Defendants contend that the Noels' request for a voluntary dismissal is fatally

9  flawed.  The Court agrees because there is no rule under which the Noels can "abandon"

10  claims.  The proper procedure is to voluntarily dismiss claims.  *See* Fed. R. Civ. P. 41.

11  Once a motion for summary judgment has been served, claims may be voluntarily

12  dismissed "only by court order, on terms that the court considers proper."  Fed. R. Civ. P.

13  41(a)(2).  Unless the order states otherwise, the dismissal is without prejudice.  *Id.*

14  Although not a requirement, "costs and attorney fees are often imposed upon a plaintiff

15  who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) . . . ."  *Stevedoring*

16  *Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989).

17    In this case, the Court grants the Noels' request for voluntary dismissal of claims

18  regarding the public records, First Amendment and collective bargaining

19  agreement/contract and imposes the proportional amount of Defendants' costs and

20  attorney's fees on the Noels.  The Court will set a briefing schedule to determine the

21  proper proportion of Defendants' costs and fees.

22

**B.    Subject Matter Jurisdiction**

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court lacks jurisdiction over tort actions against local governments and their employees if the plaintiff failed to file a properly detailed claim with the risk management division of the office of financial management.  R.C.W. 4.96.020; *Hintz v. Kitsap Cnty.*, 92 Wn. App. 10, 14 (1998).

In this case, Defendants assert that the Noels failed to file a claim with the office of risk management.  The Noels counter that Defendants have waived this affirmative defense.  Dkt. 43 at 5–7.  While there is some state case law for the Noels' proposition, federal courts are not courts of general jurisdiction and subject matter jurisdiction is a constitutional prerequisite.  Moreover, Defendants have not waived their affirmative defense because they asserted it in both answers (Dkts. 15 & 27) and raised it as a ground for relief in their first dispositive motion (Dkt. 35).  Therefore, the Court grants Defendants' motion on this issue and dismisses without prejudice the Noels' due process, abuse of process, wrongful discharge, fraud, misrepresentation, and civil conspiracy claims.

**C.    Remand**

After the voluntary dismissal and dismissal for lack of subject matter jurisdiction, the Noels' remaining claims are for discrimination under state law, fraud, and defamation.  After a case is removed, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  The Court lacks subject matter jurisdiction over the Noels' remaining claims

1  because they are based on state law and the parties are not diverse.  Therefore, the Court

2  remands this case to Pierce County Superior Court.

3                                    **III.    ORDER**

4         Therefore, it is hereby **ORDERED** that Defendants' motion for summary

5  judgment (Dkt. 35) is **GRANTED in part** and **DENIED in part**, the Noels' request for

6  voluntary dismissal is **GRANTED** with sanctions imposed, and the Clerk shall remand

7  this matter to Pierce County Superior Court.

8         Defendants may file a brief regarding the proportional amount of costs and fees no

9  later than September 6, 2013.  The Noels may file a response brief no later than

10  September 13.  The Clerk shall note the issue for consideration on the Court's September

11  13, 2013 calendar.

12         Dated this 26th day of August, 2013.

13

14

15                                    BENJAMIN H. SETTLE
                                      United States District Judge

16

17

18

19

20

21

22