UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL NOEL, et al.,

    Plaintiffs,

v.

CITY OF LAKEWOOD, et al.,

    Defendants.

CASE NO. C12-5443 BHS

ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS

This matter comes before the Court on Defendants' motion for attorney fees and costs (Dkt. 59).

On May 3, 2012, the Noels filed a complaint for damages against Defendants in Pierce County Superior Court for the State of Washington. Dkt. 2, Exh. A.

On May 18, 2012, Defendants removed the matter to this Court. Dkt. 1.

On February 22, 2013, the Noels filed an amended complaint. Dkt. 25. In that complaint, the Noels asserted twelve causes of action: breach of contract, due process, abuse of process, wrongful termination, discrimination in violation of RCW Chapter

ORDER - 1

49.60, retaliation, defamation, a violation of RCW Chapter 42.56 (public records request), civil conspiracy, fraud, misrepresentation, and intimidation of witnesses. *Id*.

On July 24, 2013, Defendants filed a motion for summary judgment. Dkt. 35. On August 26, 2013, the Court granted the motion in part and denied the motion in part. Dkt. 54. The Court interpreted Plaintiffs' abandonment of three claims as a request to voluntarily dismiss those claims and granted the request. *Id*. The Court then found that it lacked subject matter jurisdiction over the other nine claims and remanded the matter to state court. *Id*.

On October 4, 2013, Defendants filed a motion for attorney fees and costs. Dkt. 59. On October 21, 2013, Plaintiffs responded. Dkt. 63.

Although not a requirement, "costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2) . . . ." *Stevedoring Services of America v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). "Reducing a total attorney fee amount by a percentage that represents work on non-recoverable claims is one method courts have used to apportion attorney's fees." *Cairns v. Franklin Mint*, 292 F.3d 1139, 1158 (9th Cir. 2002).

In this case, the parties dispute the proper proportion of fees and the proper number of hours that should be recovered. With regard to the number of hours, the Court declines to reduce the number of reported hours. With regard to the proportion of fees, the Court agrees with Plaintiffs that 25% is the proper proportion because the Court dismissed one quarter of their claims. Therefore, the Court **GRANTS** Defendants'

motion and awards 25% of the requested fees and costs, which amounts to $17,353 in attorney's fees and $1,576 in costs.

**IT IS SO ORDERED.**

Dated this 30th day of October, 2013.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge